Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
3099 Coney Island Avenue, 3rd Floor
Brooklyn, NY 11235
Tel.: (718) 513-3145

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
In re:

                                                           Case No: 1-18-43035

    Moldova Forever, Inc
    *d/b/a as Boon by Moldova Restaurant*                   Chapter 11

                           Debtor.
-------------------------------------------------------X

**AFFIRMATION IN OPPOSITION TO**
**MOTION FOR RELEIF FROM AUTOMATIC STAY**

      The Debtor, Moldova Forever, Inc. (the "**Debtor**"), by his undersigned counsel, Alla Kachan, Esq., of Law Office of Alla Kachan, P.C., (the "**Attorney**"), respectfully submits this Affirmation in Opposition ("Opposition") to the Motion (the "**Movant's Motion**') of Ryan Gentile, Esq., of the Law Offices of Gus Michael Farinella, P.C., attorneys for 41-01 WY Corp., (the "**Movant**") to terminate the automatic stay as to Movant's interest in the leased property commonly known as 43-45 40th Street, Sunnyside, NY 11201 (the "**Property**") pursuant to Section 362(d)(1) and (2) of the Bankruptcy Code, and in support thereof, avers as follows:

**PRELIMINARY STATEMENT**

    1.    I am the attorney of the Debtor and, as such, I am fully familiar with the facts and circumstances of the above captioned matter.

    2.    I make this affirmation in opposition to Movant's Motion for an Order vacating the automatic stay for cause pursuant to 11 U.S. Code § 362 as to the Property; and lifting the stay under 11 U.S. Code § 362 to allow the matter entitled 41-01 WY Corp. vs Moldova Forever, Inc.

filed in the Civil Court of the City of New York, County of Queens, Index 73783/2017 allowing Movant, leave to exercise its rights by pursuing the carrying out of a Warrant of Eviction that was granted in the lower court.

3. The Movant is the owner of and holds a lease on the Property and alleges that it is entitled for relief terminating the automatic stay pursuant to 11 U.S.C. § 362(d)(1) and (2). The Movant herein claims that it is not adequately protected due to the fact the Debtor is currently owes $9936 in post- petition base rent plus the monthly share of real estate taxes in the amount of $1819 from May 25, 2018 through July 1, 2018.

4. Creditor further contends that, given that a warrant of eviction was issued in the State Court proceeding prior to the Debtor filing their petition for relief with this Court, the landlord tenant relationship between WY Corp and he Debtor was severed and as such, the lease between the parties is therefore not part of the estate and may not be assumed pursuant to Section 365(d)(3) of the Bankruptcy Code unless the Debtor first goes to state court and is successful in getting the state court to vacate the warrant of eviction.

**FALURE TO PROVIDE ADEQUATE PROTECTION PUSUANT TO 362(d)**

5. Upon information and belief Debtor, on or about June 11th, or 12th, 2018 sent a check in the amount of $9,600, to WY Corp, however as of the date of this filing, the check has not been cashed or returned. As of the time of this filing, Debtor has advised that upon making a payment today, July 19, 2018, the payment was rejected by the Landlord due to the fact that the landlord was advised by their counsel not to accept said payment. Attached as Exhibit "A" is a copy of Debtor's rejected payment.

6. Upon information and belief, Debtor is fully prepared to make full payment of the post-petition rents on or before the scheduled hearing date of July 26th, 2018, in complete

compliance with the rules of the Bankruptcy Court.

7.  Debtor has changed his business model as well as made significant upgrades and improvements at the location in order to maximize patronage and sales.

8.  Debtor is therefore, confident that the implementation of the new business model coupled with the improved aesthetics, will provided the improved income as well as the intention to negotiate a new lease agreement, necessary to fund a feasible plan of reorganization.

9.  In the interim, Debtor, upon information and belief is fully able to timely submit all post-petition obligations as well as adequate protection payments in the form of the monthly lease payment and apportioned real estate tax payments pursuant to rule 362 of the bankruptcy code.

### LANDLORD TENANT RELATIONSHIP SEVERED THEREFORE STAY DOES NOT APPLY

10.  Creditor further contends that "Where a warrant of Eviction was already issued, the automatic stay granted by the filing of a bankruptcy petition does not apply," based on "*See* Radol v. Centeno, 165 Misc. 2d 448, 627 N.Y.S.2d 887(Civ. Ct. 1995) ("The issuance of a warrant of eviction, pursuant to RPAPL 749(3), cancels any right to possession of the premises that the debtor may have had...)

11.  Section 749(3) of the New York Real Property Actions & Proceedings Law is clear that the issuance of a Warrant of Eviction terminates the landlord-tenant relationship. As is the effect of this statute being clear: The Debtor's leasehold rights were terminated upon the issuance of the Warrant of Eviction, subject to the power of the state court to vacate the warrant for good cause prior to execution of the warrant. As stated in re: Sweet N Sour 7th Ave Corp "*Amended Memorandum Opinion and Order Lifting Stay*":

12.  Nevertheless, case law is also clear that if a debtor remains in possession

after the issuance of the warrant, the debtor retains an equitable possessory interest in the leasehold sufficient to trigger the protection of the bankruptcy automatic stay. *See* 48th Street Steakhouse, Inc. v. Rockefeller Group, Inc. (In re 48th Street Steakhouse, Inc.), 835 F.2d 427, 430 (2d Cir. 1987) ("Indeed, a mere possessory interest in real property, without any accompanying legal interest, is sufficient to trigger the protection of the automatic stay.")

13. In re Mad Lo Lo LLC, No. 09-11911, 2009 WL 2902567 (Bankr. S.D.N.Y. May 28, 2009). There, Tirn Realty Corp. ("Tirn"), a commercial landlord of the debtor, moved the court for an order either determining that the automatic stay did not apply to the summary nonpayment proceeding pending in state court or to lift the automatic stay... Tirn had obtained a judgment of possession and Warrant of Eviction against the debtor. The debtor moved to vacate the Warrant of Eviction by order to show cause and obtained a temporary stay of execution of the warrant pending hearing on the order to show cause. The day before the order to show cause was to be heard, the debtor filed for bankruptcy. *See id*. Applying RPAPL § 749(3), the court observed that the issuance of the Warrant of Eviction severed the landlord-tenant relationship between the parties. *Id.* at *2. The court concluded, however, that the automatic stay applied to the debtor's interest in its lease, but only with regards to the debtor's possessory interest in the property. Id.

14. The debtor continues to remain as debtor in possession.

15. The foregoing facts meet the criteria proscribed in the above cited case law, even though the landlord/tenant relationship may be severed, the existence of a "party in interest" still remains particularly if the Debtor is still in possession of the Property.

16. When a Debtor remains in possession after the issuance of the warrant, the Debtor

retains an equitable possessory interest in the leasehold sufficient to trigger the protection of the bankruptcy automatic stay. Additionally, upon information and belief, Debtor has invested significant amounts of money for repairs, fixtures and improvements to the premises, not to mention this is Debtor's sole source of income. If not an existence of a landlord/tenant relationship, for all of the above stated reasons, the Debtor should certainly be considered in factoring debtor's "equitable possessory interest."

17. Additionally, as the Property serves as the primary location for Debtor to conduct his business, any income derived from those operations not only further strengthen the bankruptcy estate, they further serve as adequate protection of the Creditor's Property.

18. Based on the foregoing, lifting of the stay at this point would be detrimental to judicial economy.

19. Movant wants the Court to terminate the automatic stay under § 362(d)(2) due to lack of adequate protection.

20. Here, the Movant alleges that it does not have adequate protection as in the form of timely payments.

21. In light of the fact that, upon information and belief, Debtor is currently able to fulfill his post-petition rental payments currently due and owing, and where Debtor has made one payment that was not deposited and made a second payment attempt that was rejected by the landlord as recently as today, the contention that they are no longer adequately protected, is erroneous.

22. Thus, Movant's request for relief should be denied.

## CONCLUSION

29. Movant has failed to present sufficient evidence that warrants the granting of the relief requested pursuant to 11 U.S. Code § 362, for the following reasons:

    a)     Failure to sustain the burden of proving by a preponderance of the evidence that the property of the creditor is not adequately protected;

    b)     Failure to demonstrate that the property is not a part of the bankruptcy estate

    c)     Failure to demonstrate that the property is not necessary to establish a plan of reorganization..

**WHEREFORE**, the Debtor respectfully requests the entry of an Order: denying Movant's request to lift the stay related to Creditor, 040-01 WY Corp, pursuant to 11 U.S. Code § 362(a)(2)(3) and 11 U.S. Code § 362(c)(1) of the Bankruptcy Code; and any other relief which the Court deems just and proper.

Dated: Brooklyn, New York  
       July 18, 2018

/s/ Alla Kachan, Esq.  
Alla Kachan, Esq.  
Law Offices of Alla Kachan, P.C.  
*Attorneys for the Debtor*  
3099 Coney Island Avenue, 3rd Floor  
Brooklyn, New York 11235

# EXHIBIT A

| | |
|---|---|
| | 0100 |
| | 06/30/2018 |
| | 1-1367/260 |
| Pay to the Order of 40-01 NY CORP | $ 11,755 |
| eleven thousand, seven hundred fifty-five | Dollars |
| TD Bank | |
| America's Most Convenient Bank® | |
| For june rent | |

⑆086013673⑆ 435393223⑈ 0100